(86 Misc. Rep 95).

### R. J HORNER & CO v. LAWRENCE.

(Supreme Court, Special Term, New York County. June, 1914.)

1. PLEADING (§ 84\*)—DEFENSE—RIGHT TO PRESENT JOINTLY.

In an action to protect plaintiff in its right to the exclusive use of a trade-name acquired by purchase at a sale in proceedings for the dissolution of a corporation, a defense set up in an answer served by several defendants jointly was demurrable, where it affected plaintiff's rights as against only one defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 168–171; Dec. Dig. § 84.\*]

2. CORPORATIONS (§ 622\*)—DISSOLUTION SALE—VALIDITY.

That a sale of the good will, trade-name, and trade-mark of a corporation in proceedings for dissolution is voidable as to one stockholder because of a conspiracy among the majority stockholders does not render it invalid as to persons not affected by the wrongdoing.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2470, 2471; Dec. Dig. § 622.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 622*)—DISSOLUTION SALE—ACTION BY PURCHASER—DEFENSE.

In an action by a purchaser at a dissolution sale, to protect it in the exclusive use of a trade-name, a defense objecting to the sale, and stating that defendant, pursuant to General Corporation Law, § 221 (Consol. Laws, c. 23), duly commenced proceedings for the appraisal of his interest in the dissolved corporation, and that appraisers had been appointed, but that no appraisal had yet been had, was insufficient. Since, under subdivision 4 of such section, the duty to pay the appraised value of the dissenting stockholders' interest within 30 days after the appraisal involved the performance of a condition subsequent, and the sale, until invalidated by the failure to pay, was effective as to the purchaser.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2470, 2471; Dec Dig § 622.*]

4. CORPORATIONS (§ 622*)—DISSOLUTION SALE—ACTION BY PURCHASER—DEFENSE.

In an action by a purchaser, at a dissolution sale, to protect its right to the exclusive use of a trade-name purchased, a defense alleging that the sale was void because it took place "within two weeks of the time of filing of the certificate of dissolution, * * * in violation of subdivision 2, § 221, of the General Corporation Law (Consol. Laws, c. 23)," was demurrable, since such section provides merely for the publication of the certificate of the filing of papers in dissolution proceedings before the sale once a week for two weeks, and the publication period could expire within eight days after the first publication.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2470, 2471; Dec. Dig. § 622.*]

5. CORPORATIONS (§ 589*)—DISSOLUTION SALE—RIGHTS ACQUIRED—USE OF NAME.

A corporation, which purchased all the property and franchises of another at a dissolution sale, acquired the right to so use the name of the corporation, whose business and good will it had purchased, as to indicate that it was its successor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354–2360; Dec. Dig. § 589.*]

Action by R. J. Horner & Co. against William B. Lawrence. Demurrer to separate defenses sustained.

Hill, Lockwood, Redfield & Lydon, of New York City, for plaintiff. H. R. Guggenheimer, of New York City, for defendant.

ERLANGER, J. Each of the four separate defenses, to which the plaintiff demurs, is, in my opinion, insufficient. The action is brought to protect the plaintiff corporation in its right to the exclusive use of the name "Flint's Fine Furniture," which right it acquired through the purchase of the good will, trade-name, and trade-mark of the George C. Flint Company under a sale in proceedings for the dissolution of that corporation.

[1] For a first separate defense these defendants set up a conspiracy upon the part of several persons named, not parties, having for its object the sacrificing of the assets of the Flint Company in favor of the plaintiff corporation; the conspirators being directors of the Flint Company and majority stockholders of both corporations, and the defendant Lawrence being a minority stockholder of the Flint Company against whose interest the conspiracy is alleged to have been aim-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed. This defense is infirm, for the reason that it seeks to set up, in an answer served by the defendants jointly, matter which in no way affects the plaintiff's rights as against some of the parties so answering.

[2] Except as to the defendant Lawrence, the sale to the plaintiff corporation is wholly valid, and, as against the other defendants, the plaintiff has acquired an absolute right to the trade-name in question upon the admitted allegations of the complaint and of this defense. Until successfully attacked by some person having an interest which enabled him to disaffirm the transaction, the plaintiff's purchase of the trade-name in dissolution proceedings conducted according to the forms of law gave it a property right which it may enforce. Lawrence might well be heard to say that this act of the directors, in their own interest, was void, and as to him, even without a direct proceeding to avoid it, the invalid sale could not be made the basis of legal action to his prejudice. The invalidity would probably be open to him as a defense, within the principles adopted in Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689, but such a sale is not void as to all the world. It is voidable by disaffirmance on the part of a stockholder who has been prejudiced (Barr v. New York, L. E. & W. R. R. Co., 125 N. Y. 263, 274, 26 N. E. 145); as to others it is, of course, valid until directly set aside. By the present answer the defendants jointly seek to avail themselves of a defense personal to Lawrence, in which three of them are not concerned, and which, though valuable to him, does not affect the plaintiff's rights as against them with respect to the subject of the sale. The matter alleged cannot be treated as an equitable defense to all the defendants, based upon the claim that the plaintiff's hands are not clean, for the accusation is made, not against the plaintiff, but only against its title through the voidable acts of the directors of the Flint Company. In this respect, as I have noted, the right of disaffirmance is the personal right of Lawrence, and the sale is valid, except so far as the existence of this personal right gives him a defense. Its assertion does not lessen the plaintiff's rights as to other defendants not so concerned, and the defense, pleaded in common, is thus demurrable because good only as to one defendant. Tailor v. Spaulding, 12 Civ. Proc. 123.

[3] The second separate defense sets up the fact that the defendant Lawrence objected to the sale to the plaintiff in the dissolution proceedings and duly commenced proceedings on his own part for the appraisal of his interest in the good will, name, and trade-mark of the George C. Flint Company pursuant to section 221 of the General Corporation Law (Consol. Laws, c. 23), and it is further alleged that the appraisers have been appointed, but the appraisal has not yet been had. It is apparent, from the provisions of subdivision 4 of section 221 of the General Corporation Law, that the duty to pay the appraised value of the dissenting stockholders' interest within 30 days after the appraisal involves the performance of a condition subsequent, and that the sale, until invalidated by the failure to pay, is effectual, so far as the purchaser is concerned. The trustees by this section are authorized to make the sale and complete it by the acceptance of the consid-

eration, subject to the later observance of the duty to pay to dissentient stockholders the appraised value of their interests. Clearly the purchaser has sufficient title to what it has bought for the purposes of an action to preserve the value of the good will purchased.

[4] For a third defense the defendants allege that the sale took place "within two weeks of the time of filing of the certificate of dissolution of the said company, * * * in violation of subdivision 2, § 221, of the General Corporation Law, and was therefore void." This section provides for the publication of the Secretary of State's certificate of the filing of the papers in dissolution proceedings "once a week for two weeks," and, "at the expiration of such publication," a sale of the assets is authorized. That two weeks had not elapsed between the filing and the sale does not exclude due performance of the statutory requirements with regard to publication, since the publication "once a week for two weeks" could well come to an "expiration" within eight succeeding days.

[5] The fourth separate defense, which proceeds upon allegations of fraud upon the plaintiff's part in announcing the continuance of business of the George C. Flint Company in conjunction and connection with the plaintiff, is insufficient, since the announcement, in the form alleged by the defense, was within the plaintiff's rights, as acquired by the purchase of the trade-name and good will. See Metropolitan Telephone & Telegraph Co. v. Metropolitan Telephone & Telegraph Co., 156 App. Div. 577, 582, 141 N. Y. Supp. 598.

Demurrer sustained, with costs, with leave to defendants to amend upon payment of costs within 20 days.

Demurrer sustained.